UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.                                        Case No. 6:08-cr-176-Orl-28GJK
                                                      (Forfeiture)

**FRANK L. AMODEO**

**UNITED STATES' MOTION FOR A FINAL
ORDER OF FORFEITURE AS TO CERTAIN ASSETS**

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(c)(2), for a Final Order of Forfeiture for the following real properties, including all improvements thereon and appurtenances thereto, which constitute, or are traceable to, the proceeds of Count One:

    (1)    709 Euclid Avenue, Orlando, Florida; and

    (2)    1159 Delaney Avenue, Orlando, Florida.

In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.**    **Statement of Facts**

    1.    On March 31, 2009, the United States filed, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(e)(1)(B), a Motion for a Preliminary Order of Forfeiture ("POF"), seeking the forfeiture of Frank L. Amodeo's interest in the above-referenced assets. (Doc. 70). The Court granted

the motion as to the above-referenced real properties on May 27, 2009. (Docs. 122 and 123).

    2.    The only persons or entities, other than Frank L. Amodeo, known to have any potential alleged interest in the above-referenced real properties are the corporations previously controlled by Amodeo, including Mirabilis Ventures, Inc. ("Mirabilis") and AEM, Inc. ("AEM"), Condor & Eagle, Eagle & Condor Partnerships, Orange County Tax Collector, and Claire Holland.

    3.    On October 1, 2008, Mirabilis and AEM filed a Suggestion of Reorganization, indicating that they had a superior interest in some of the forfeited property forfeited in this case and alleging that any criminal forfeiture was stayed pursuant to the Bankruptcy Code. (Doc. 47). Since that time, however, Mirabilis and AEM have consented to the forfeiture of the above-referenced real properties, as is reflected in Mirabilis' Motion for Approval of Compromise of Controversy By and Between Debtors and the United States of America filed on November 25, 2008. *In re: Mirabilis Ventures, Inc.*, Case No. 6:08-bk-04327-KSJ, Doc. 101. The bankruptcy court has entered an order in each companies' bankruptcy case approving the settlement. Case No. 6:08-bk-04327-KSJ, Doc. 145, and *In re: AEM, Inc.*, Case No. 6:08-bk-04681-KSJ. Doc. 80. Accordingly, neither Mirabilis nor AEM filed a petition pursuant to 21 U.S.C. § 853(n).

    4.    On May 27, 2009, Claire Holland was served by regular and certified mail with the Notice of Forfeiture at 1159 Delaney Avenue and 709 Euclid Avenue. Exhibits 1 and 2. The regular mail and certified mail as to 709

Euclid Avenue, was returned after being marked, "Return to Sender No Mail Receptacle Unable to Forward." Exhibits 3 and 4. On May 29, 2009, Claire Holland received the Notice of Forfeiture. Exhibit 5. She has not filed a petition pursuant to 21 U.S.C. § 853(n) and her counsel has indicated that she would not do so.

    5.    On May 27, 2009, Condor & Eagle was served by regular and certified mail with the Notice of Forfeiture at 709 Euclid Avenue.[1] Exhibit 6. The regular and certified mail was "Return to Sender No Mail Receptacle Unable to Forward." Exhibits 7 and 8. At his sentencing hearing, the defendant testified that the subject real properties were titled in the name of partnerships in order to conceal their true ownership from his wife's former husband.

    6.    Also on May 27, 2009, Eagle & Condor Partnership was served by regular and certified mail with the Notice of Forfeiture at 1159 Delaney Avenue[2]. Exhibit 9. On May 29, 2009, Claire Holland accepted service for Eagle & Condor Partnership. Exhibit 10. However, the partnership has not filed a petition pursuant to 21 U.S.C. § 853(n).

---

[1] Pursuant to the Warranty Deed recorded in the public records of Orange County, Florida on April 11, 2005, Condor & Eagle are the record owners with a mailing address of 709 Euclid Avenue, Orlando, Florida. *See* Exhibit 6a; *see* also Orange County Property Appraiser Address Search Exhibit 6b.

[2] Pursuant to the Warranty Deed recorded in the public records of Orange County, Florida on December 28, 2005, Eagle and Condor, Partnership are the record owners with a mailing address of 1159 DeLaney Avenue, Orlando, Florida 32806. *See* Exhibit 9a; s*ee* also Orange County Property Appraiser Address Search Exhibit 9b.

7. On May 22, 2008, the Orange County Tax Collector filed a verified claim as to the above-referenced real properties in *United States v. Real Property, etc., et al.,* Case No. 6:08-cv9-670Orl-35KRS. (Doc. 27). The United States recognizes the Orange County Tax Collector's claim to both properties and will satisfy them, to the extent possible, from the proceeds of the sale of the real properties.

8. On March 12, 2009, the United States filed a Motion to be Excused from Duplicative Publication Requirement because publication of the forfeiture of the assets identified in the Preliminary Order of Forfeiture was completed in connection with the parallel civil forfeiture. (Doc. 65). On March 18, 2009, this Court granted the motion. (Doc. 66). As detailed in the motion, notice of the forfeiture of multiple assets, including the 709 Euclid Avenue and 1159 Delaney Avenue was published on an official government website (www.forfeiture.gov) for at least 30 consecutive days, beginning on September 26, 2008 and ending on October 25, 2008.

**II.     Applicable Law**

When all third petitions have been adjudicated, or if no petitions are filed, it is appropriate to enter a final order of forfeiture in accordance with Rule 32.2(c)(2). In addition, the statute provides that following the disposition of all petitions, or if no petitions are timely filed in accordance with 21 U.S.C. § 852(n)(2), "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7).

As required under 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture actions, the United States published notice of the forfeiture on the official government website, www.forfeiture.gov, from September 26, 2008 and ending on October 25, 2008. Section 853(n)(1) of Title 21 gives the Attorney General broad authority to determine the manner of publication of an order of forfeiture in a criminal forfeiture case. Because publication by internet is now permitted in civil cases pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4), the Attorney General, by and through the Chief of the Asset Forfeiture and Money Laundering Section, has determined that publication through the internet may also be effected in criminal forfeiture cases. The internet publication gave notice to all those who might have an interest in the assets of the United States' and intent to dispose of the assets, and gave instructions on filing a petition to adjudicate their interest in the property. In accordance with those provisions, a person or entity has sixty (60) days from the first date of publication to file a petition with the District Court to adjudicate interest in the property. In this instance, the first date of internet publication on www.forfeiture.gov was September 26, 2008. Accordingly, the final date for filing a petition to adjudicate interest in the subject property was November 24, 2008, and the time for filing such petitions have expired.

To date, no other third party other than the Orange County Tax Collector and Mirabilis, have filed a petition to adjudicate their interest in the subject properties and the time for filing such petition has expired. As set forth above,

the United States recognizes the petition of the Orange County Tax Collector. Although Mirabilis and AEM, in their Suggestion of Reorganization, alleged that they had an interest in property sought for forfeiture, neither company has filed a petition pursuant to 21 U.S.C. § 853(n) and both have consented to the forfeitures as reflected in the bankruptcy pleadings. Although Claire Holland, Condor & Eagle, and Eagle & Condor Partnership were provided with notice of the forfeiture, they elected not to file petitions.

Publication having been effected, and claims or petitions having been resolved, it is now appropriate for the Court to enter a Final Order of Forfeiture for the subject assets.

### III.  Conclusion

The United States respectfully requests that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c),and Rule 32.2(c)(2), this Court enter a final order, forfeiting to the United States all right, title, and interest in the

subject assets for disposition according to law, and vesting clear title to said properties in the United States of America.

                Respectfully submitted,

                A. LEE BENTLEY III
                Attorney for the United States,
                Acting Under Authority Conferred by
                  28 U.S.C. § 515

By:   s/Anita M. Cream
       ANITA M. CREAM
       Florida Bar No. 56359
       Assistant United States Attorneys
       400 North Tampa Street, Suite 3200
       Tampa, Florida  33602
       (813) 274-6301 - telephone
       (813) 274-6220 - facsimile
       E-mail: anita.cream@usdoj.gov

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on July 8, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Elizabeth A. Green, Esquire
Thomas H. Dale, Esquire
Michael Paasch, Esquire
David Smith, Esquire

     I further certify that I mailed on July 8, 2009, the foregoing documents and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Claire Holland
1159 DeLaney Avenue
Orlando, FL 32806

Eagle & Condor Partnership
1159 DeLaney Avenue
Orlando, FL 32806

Condor & Eagle
709 Euclid Avenue
Orlando, FL 32801

                                              <u>s/Anita M. Cream</u>
                                              ANITA M. CREAM
                                              Assistant United States Attorney