**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

-vs-                                                                    Case No. 6:08-cr-176-Orl-28GJK

FRANK L. AMODEO

_____

## ORDER

Defendant filed a Motion to Cancel Plea Agreement (Doc. No. 127, filed May 28, 2009) and the Government filed it's Amended Response in Opposition (Doc. No. 132, filed June 2, 2009). Defendant asserts that the Government induced him to enter a plea by promising to file a Motion pursuant to USSG 5K1.1 seeking a five-level reduction, the recommended guideline range.

In the Amended Plea Agreement (Doc. No. 38, filed September 24, 2008) between Defendant and the Government there is no representation by the Government that it would file a 5K1.1 motion on Defendant's behalf. At the time Defendant entered his plea he was asked:

> Question: "Sir, has anyone done anything that you believe is wrong or unfair in order to cause you to enter a guilty plea?"
> Answer: "No, sir."
> Question: "Has anyone threatened you, coerced you, intimidated you, or put any improper pressure upon you in order to cause you to enter a guilty plea?"
> Answer: "No, sir."
>
> Question: "Do you believe that you understand the penalties that you're facing as explained by the government, if you enter a guilty plea, sir?"
> Answer: "I do."
> Question: "Okay. Do you have any questions whatsoever about the five-year term of imprisonment that you face with respect to each individual count, sir?"
> Answer: "I don't."
> Questions: "Do you understand that could result in a maximum term of imprisonment of up to 25 years, correct, sir?"
> Answer: "I do, yes."
> Question: "Has your counsel been able to answer all of your questions adequately to your satisfaction about the penalties that you're facing if you enter a guilty plea, sir?"
> Answer: "Yes."

Question: " Do you still have any questions that you want to ask counsel about the sentence that you're facing, if you enter a guilty plea, sir?"
Answer: " No, sir."
Question: "Sir, again you understand that a different Judge, a District Court Judge, someone other than me, would handle the sentencing, if your guilty plea is accepted, correct?"
Answer: "Yes."
Question: "Have you discussed with your counsel the Sentencing Guidelines and how those may apply in regard to your sentence?"
Answer: "I have."
Question: You understand that the statutes that you've been charged under provide a maximum penalty for each count; however, the Court would use the Sentencing Guidelines as a guide to determine what your sentence should be, correct, sir?"
Answer: "I understand that."
Question: "Do you understand that there are a variety of factors that the Court will consider in applying the Sentencing Guidelines in regard to your sentencing, sir?"
Answer: "Yes."
Question: "Okay.  And you understand that those factors include your criminal history, the conduct you engaged in, whether there are any victims of the offense, whether or not you engaged in obstruction of justice, whether or not you accepted responsibility for your acts, and a variety of other factors, correct?"
Answer: "Yes."
Question: "Have you discussed with your counsel what guideline range may apply to you in regard to sentencing?"
Answer: "Yes."
Question: "Do you understand that as we mentioned at the outset that the Probation Office will prepare a report and provide facts and recommendations to the Judge that the Judge may use in connection with your sentencing, correct?"
Answer: "Yes"
Question: "Do you understand that you and your counsel would receive a copy of that report, sir?"
Answer: "Yes."
Question: "Okay.  What's important for you to understand is you may disagree with the version of the facts set forth in the report.  And in that event, you would be able to argue it and present evidence to the Judge in regard to what facts should govern your sentencing.  But what's important for you to understand is that the Court may rule against you and side with the Probation Office in terms of it's account of the facts.  Do you understand that, sir?"
Answer: "I do."
Question: "Do you have any questions about that process or how it works?"
Answer: "No."
Question: "In regard to this sentencing, sir, I want you to understand that the Court has broad discretion in deciding what sentence should be imposed on you, do you understand that?"
Answer: "I do."
Question: "And each Judge exercises his or her discretion somewhat differently; do you understand?"
Answer: "I do."

>Question: "Because of the things that we've discussed in terms of the guideline ranges, how they would be applied to you individually and the Probation Department having to prepare it's report, as well as the Judge's discretion, do you understand that at this point and time, no one can tell you precisely what guideline range would apply to you, correct sir?"
>Answer: "I do understand that."
>Question: " So, to the extent that you've had discussions with your counsel or anyone else about what guideline range would apply to you, you understand that at this point ane time, all they can do is give you their best guess about what guideline range would apply, right?"
>Answer: "Yes, I understand."
>Question: "And again, sir, you understand that the Court has the right to reject all recommendations made by the parties and sentence you up to the maximum term allowed by the law; in this case, 25 years of incarceration, correct?"
>Answer: "I do."
>Question: "And if the Court were to do that, you would have no right to withdraw your guilty plea, correct, sir?"
>Answer: "Yes."
>Question: "Any questions about that?"
>Answer: "No."

Moreover, F.R.Cr.P. Rule 11(e) states:

>After the Court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack.

**IT IS ORDERED** that Defendant's Motion to Cancel Plea Agreement (Doc. No. 127) is therefore unavailing and is **DENIED**.

**DONE** and **ORDERED** at Orlando, Florida, on this 29 day of September, 2009.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record