UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 6:08-cr-176-Orl-28GJK

FRANK L. AMODEO


**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT AMODEO'S MOTION FOR APPOINTMENT OF COUNSEL**

The United States of America, by A. BRIAN ALBRITTON, United States Attorney

for the Middle District of Florida, files this response in opposition to defendant's Motion

for Appointment of Counsel, and in support thereof, states as follows:

1.      On May 26, 2009, this Court sentenced defendant AMODEO to 270

months' imprisonment after a four and one-half day sentencing hearing.  Dkt. No. 140.

2.      On May 28, 2009, defendant AMODEO filed a Motion to Cancel Plea

Agreement, Dkt. No. 127, which was denied by this Court on September 30, 2009.

Dkt. No. 156.  On October 13, 2009, defendant AMODEO filed a Motion for

Reconsideration, which is pending before this Court.  Dkt. No. 159.[1]

3.      On June 4, 2009, defendant AMODEO filed his Notice of Appeal.

4.      On June 16, 2009, this Court appointed Thomas Dale, Esquire to

represent defendant AMODEO for purposes of appeal.  Dkt. No. 133.

5.      Defendant AMODEO in the instant motion seeks the appointment of

counsel in post-conviction matters before this Court.

---

[1] A response to that motion is being separately filed.

6.      Defendant AMODEO's instant motion should be denied as this Court has been divested of jurisdiction by virtue of the filing of his Notice of Appeal and because he is not entitled to CJA counsel on post-conviction matters other than direct appeal.

**MEMORANDUM**

A.      Lack of Jurisdiction

Generally, the filing of a timely and sufficient notice of appeal acts to divest the district court of jurisdiction over the matters at issue in the appeal, except to the extent that the district court must act in aid of the appeal.  See United States v. Hitchmon, 602 F.2d 689, 692 (5th Cir. 1979) (en banc); accord Shewchun v. United States, 797 F.2d 941, 942 (11th Cir.1986) (per curiam) (during pendency of appeal, district court is "without authority to modify a sentence"); cf. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam) ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  The general rule serves the interests of judicial economy, by sparing the district court from passing on questions that might be rendered moot by this Court's decision, and "considerations of fairness to parties who might otherwise be forced, as a matter of tactics, to fight a 'two front war' for no good reason."  Shewchun, 797 F.2d at 943.

Moreover, "[a] timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the court of appeals." Dunham v. United

2

States, 486 F.3d 931, 935 (6th Cir. 2007).[2]  See also U.S. v. Sandoval-De Lao,

283 Fed.Appx. 621, *3 (10th Cir. 2008) ("As for the subsequent pro se motion to

reconsider the denial of the first pro se motion, we note that Mr. Sandoval-De Lao's

counsel had at that point already filed a notice of appeal, thus establishing appellate

jurisdiction over his case and depriving the district court of jurisdiction to even consider

the motion.").[3]

  Relating to the instant case, defendant AMODEO on appeal has attacked his

competency to plead guilty, which is the subject of his previously denied Motion to

Cancel Plea Agreement and his recently filed Motion for Reconsideration.  As the

---

[2]  In Durham, unlike the instant case, the defendant filed his notice of appeal while the Motion for Reconsideration was pending in the Court. 486 F.3d at 935.  The Sixth Circuit allowed the trial court to consider that motion.  Id.

[3]  This case also does not fit within the parameters of Federal Rules of Appellate Procedure Rule 4, which could allow this Court to consider this motion.  The rule reads in relevant part as follows:

(3) Effect of a Motion on a Notice of Appeal.

(A) If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 10 days after the entry of the order disposing of the last such remaining motion, or within 10 days after the entry of the judgment of conviction, whichever period ends later. This provision applies to a timely motion:

(I) for judgment of acquittal under Rule 29;

(ii) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 10 days after the entry of the judgment; or

(iii) for arrest of judgment under Rule 34.

The instant motion would merely have tolled the time of filing a Notice of Appeal, which has already been done.

matters at issue in the appeal are being considered by the appellate Court, this Court

has been divested of jurisdiction to consider this motion.

B.    Right to Counsel

F.R.Crim.P. 44 sets forth the right to appointed counsel, and states in relevant

part:

> (a) Right to Appointed Counsel. A defendant who is unable to obtain counsel is entitled to have counsel appointed to represent the defendant at every stage of the proceeding from initial appearance through appeal, unless the defendant waives this right.

Under 18 U.S.C. § 3006A, an indigent defendant is entitled to have counseled

representation when, inter alia, the Sixth Amendment requires or when the defendant

"faces loss of liberty in a case, and Federal law requires the appointment of counsel." 18

U.S.C. § 3006A(a)(1)(H)-(I); United States v. Berger, 375 F.3d 1223, 1226 (11th Cir.

2004).  While defendants have a Sixth Amendment right to counsel on direct appeal,

they do not have such a right when they collaterally attack their sentences.  United

States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004), citing Hill v. Jones, 81 F.3d

1015, 1024 (11th Cir.1996).

Defendant AMODEO has court-appointed counsel for his direct appeal.  To the

extent that this motion relates to post-conviction relief other than his appeal, he is not

entitled to appointed counsel.  Moreover, as this Court has been divested of jurisdiction

to resolve the Motion for Reconsideration, he is not entitled to court appointed counsel.

For all of the aforementioned reasons, the United States submits that the instant motion should be denied.

Respectfully submitted,

A. BRIAN ALBRITTON
United States Attorney

By:    *s/ I. Randall Gold*
       I. Randall Gold
       Assistant United States Attorney
       Deputy Chief, Orlando Division
       Fla. Bar No. 268062
       501 West Church Street, Suite 300
       Orlando, Florida  32805
       Telephone: (407) 648-7500
       Facsimile:  (407) 648-7643
       E-mail:      randy.gold@usdoj.gov

**U.S. v. FRANK L. AMODEO**                    **Case No. 6:08-cr-176-Orl-28GJK**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on October 29, 2009, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing

to the following:

> Harrison T. Slaughter, Jr., Esq.
> butch@leventhal-slaughter.com
>
> Kenton Sands, Esq.
> kent@sandswhitesands.com
>
> Thomas Dale, Esquire
> dalelaw@cfl.rr.com

I hereby certify that on October 29, 2009, a true and correct copy of the foregoing

document and the notice of electronic filing was sent by U.S. Mail to the following non-

CM/ECF participants:

> Frank L. Amodeo
> Reg. No.: 48883-019
> Federal Correction Complex-Low
> P.O. Box 1031
> Coleman, FL   33521

> *s/ I. Randall Gold*
> I. Randall Gold
> Assistant United States Attorney
> Deputy Chief, Orlando Division
> Fla. Bar No. 268062
> 501 West Church Street, Suite 300
> Orlando, Florida  32805
> Telephone:  (407) 648-7500
> Facsimile:   (407) 648-7643
> E-mail:      randy.gold@usdoj.gov