UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:08-cr-176-Orl-28GJK

FRANK L. AMODEO

**UNITED STATES' RESPONSE IN OPPOSITION TO
DEFENDANT AMODEO'S MOTION FOR RECONSIDERATION**

The United States of America, by A. BRIAN ALBRITTON, United States Attorney for the Middle District of Florida, files this response in opposition to defendant's Motion for Reconsideration, and in support thereof, states as follows:

1. On May 26, 2009, this Court sentenced defendant AMODEO to 270 months' imprisonment after a four and one-half day sentencing hearing.  Dkt. No. 140.

2. On May 28, 2009, defendant AMODEO filed a Motion to Cancel Plea Agreement, Dkt. No. 127, which was denied by this Court on September 30, 2009. Dkt. No. 156.  On October 13, 2009, defendant AMODEO filed the instant motion for Reconsideration.  Dkt. No. 159.

3. On June 4, 2009, defendant AMODEO filed his Notice of Appeal.

4. Defendant AMODEO's instant motion should be denied as this Court has been divested of jurisdiction by virtue of the filing of his Notice of Appeal.[1]

---

[1] In the event that this Court finds that it has jurisdiction over this motion, the United States will address the merits of this motion upon Order of this Court.  Suffice it to say, the United States believes that this Court's ruling was correct and it should not be reconsidered.

**MEMORANDUM**

Generally, the filing of a timely and sufficient notice of appeal acts to divest the district court of jurisdiction over the matters at issue in the appeal, except to the extent that the district court must act in aid of the appeal.  See United States v. Hitchmon, 602 F.2d 689, 692 (5th Cir. 1979) (en banc); accord Shewchun v. United States, 797 F.2d 941, 942 (11th Cir.1986) (per curiam) (during pendency of appeal, district court is "without authority to modify a sentence"); cf. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam) ("a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").  The general rule serves the interests of judicial economy, by sparing the district court from passing on questions that might be rendered moot by this Court's decision, and "considerations of fairness to parties who might otherwise be forced, as a matter of tactics, to fight a 'two front war' for no good reason."  Shewchun, 797 F.2d at 943.

Moreover, "[a] timely appeal divests the district court of jurisdiction to reconsider its judgment until the case is remanded by the court of appeals." Dunham v. United States, 486 F.3d 931, 935 (6th Cir. 2007).[2]  See also U.S. v. Sandoval-De Lao, 283 Fed.Appx. 621, *3 (10th Cir. 2008) ("As for the subsequent pro se motion to

---

[2] In Durham, unlike the instant case, the defendant filed his notice of appeal while the Motion for Reconsideration was pending in the Court. 486 F.3d at 935.  The Sixth Circuit allowed the trial court to consider that motion.  Id.

reconsider the denial of the first pro se motion, we note that Mr. Sandoval-De Lao's counsel had at that point already filed a notice of appeal, thus establishing appellate jurisdiction over his case and depriving the district court of jurisdiction to even consider the motion.").[3]

Relating to the instant case, defendant AMODEO on appeal has attacked his competency to plead guilty, which is the subject of his previously denied Motion to Cancel Plea Agreement and the instant Motion for Reconsideration. As the matters at issue in the appeal are being considered by the appellate Court, this Court has been divested of jurisdiction to consider this motion.

---

[3] This case also does not fit within the parameters of Federal Rules of Appellate Procedure Rule 4, which could allow this Court to consider this motion. The rule reads in relevant part as follows:

(3) Effect of a Motion on a Notice of Appeal.

(A) If a defendant timely makes any of the following motions under the Federal Rules of Criminal Procedure, the notice of appeal from a judgment of conviction must be filed within 10 days after the entry of the order disposing of the last such remaining motion, or within 10 days after the entry of the judgment of conviction, whichever period ends later. This provision applies to a timely motion:

(I) for judgment of acquittal under Rule 29;

(ii) for a new trial under Rule 33, but if based on newly discovered evidence, only if the motion is made no later than 10 days after the entry of the judgment; or

(iii) for arrest of judgment under Rule 34.

The instant motion would merely have tolled the time of filing a Notice of Appeal, which has already been done.

For all of the aforementioned reasons, the United States submits that the instant motion should be denied.

                              Respectfully submitted,

                              A. BRIAN ALBRITTON
                              United States Attorney

By: ***s/ I. Randall Gold***
     I. Randall Gold
     Assistant United States Attorney
     Deputy Chief, Orlando Division
     Fla. Bar No. 268062
     501 West Church Street, Suite 300
     Orlando, Florida  32805
     Telephone:  (407) 648-7500
     Facsimile:   (407) 648-7643
     E-mail:        randy.gold@usdoj.gov

U.S. v. FRANK L. AMODEO                    Case No. 6:08-cr-176-Orl-28GJK

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

>Harrison T. Slaughter, Jr., Esquire
>butch@leventhal-slaughter.com
>
>Kenton Sands, Esquire
>kent@sandswhitesands.com
>
>Thomas Dale, Esquire
>dalelaw@cfl.rr.com

I hereby certify that on October 29, 2009, a true and correct copy of the foregoing document and the notice of electronic filing was sent by U.S. Mail to the following non-CM/ECF participants:

>Frank L. Amodeo
>Reg. No.: 48883-019
>Federal Correction Complex-Low
>P.O. Box 1031
>Coleman, FL   33521

*s/ I. Randall Gold*
I. Randall Gold
Assistant United States Attorney
Deputy Chief, Orlando Division
Fla. Bar No. 268062
501 West Church Street, Suite 300
Orlando, Florida  32805
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:        randy.gold@usdoj.gov