UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA**

v.  Case No. 6:08-cr-176-Orl-28GJK
 (Forfeiture)

**FRANK L. AMODEO**

### UNITED STATES' MOTION FOR A FINAL ORDER OF FORFEITURE AS TO CERTAIN CORPORATIONS AND LAWSUITS

The United States of America, by and through the undersigned Assistant United States Attorney, respectfully moves this Court, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(c)(2) for a Final Order of Forfeiture for the following corporations:

(1) AQMI Strategy Corporation ("AQMI"),

(2) Nexia Strategy Corporation ("Nexia"),

(3) Presidion Solutions, Inc. ("Presidion"),

(4) Professional Benefit Solutions, Inc. ("PBS"),
 d/b/a Presidion Solutions VII, Inc.

(5) Quantum Delta Enterprises, Inc. ("Quantum Delta"),
 d/b/a Siren Resources, Inc.,

(6) Titanium Technologies, Inc. ("Titanium"),
 f/k/a Titanium Consulting Services, Inc., and

(7) Tenshi Leasing, Inc. ("Tenshi").

The forfeiture of the corporations includes the corporate stock and assets; the following lawsuits are included in the forfeiture of the subject corporations because they are assets, or potential assets, of the corporations:

| Style of case | Location | Case No. |
|---|---|---|
| Anthony T. Sullivan v. AQMI Strategy (Counterclaim) | Orange County, Florida | 07-CA-0015981-0 |
| Michael Mapes, et al. v. Wellington Capital Group, Inc. | U.S.D.C., D. Neb. | 8:07cv77 |
| Dutko Global Advisors LLC v. AQMI Strategy Corporation (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-018164-0 |
| Providence Property & Casualty Insurance Co, et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (settled) | U.S.D.C., E.D. Tx. | 4:07-CV-202 |
| Presidion Corporation v. Arrow Creek, Inc., et al. | Palm Beach County, Florida | 502006CA001417xxxxMB |

In support of its motion, the United States submits the following memorandum of law.

## MEMORANDUM OF LAW

**I.    Statement of Facts**

1.    On September 29, 2008, the United States filed a Motion for a Preliminary Order of Forfeiture ("POF"), seeking the forfeiture of Frank L. Amodeo's interest in the subject corporations, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(e)(1)(B), (Doc. 40), which was granted by the Court on October 2, 2008.  (Doc. 46).

2.    There are no persons or entities, other than Amodeo, known to have an ownership interest in any of the subject corporations.

    a. Amodeo is currently acting as the legal representative of AQMI, Presidion and PBS in connection with their criminal prosecution.  *See United States v. AQMI Strategy Corporation*, Case No. 6:08-cr-231-Orl-28KRS, Doc. 29.[1]  Because Frank Amodeo, consented to the forfeiture of AQMI, Presidion and PBS in his plea agreement and has been judicially recognized as the sole representative of the corporations, the United States has no reason to believe there is any third party with a potential legal interest in the corporations.  Nonetheless, in an abundance of caution, the United States provided notice of the forfeiture to Craig Vanderburg, the last known corporate officer of Presidion and PBS.

    b. The last known officers of Nexia,[2] Titanium,[3] and Tenshi[4] were Jay Stollenwerk, Jodi Jaiman, and Shane Williams.  Jason Carlson was the last known president of Quantum Delta.[5]  Because these individuals might be in a position to assert an interest an alleged interest in the subject corporations on behalf of the corporations themselves, in an abundance of caution the United States elected to send them notice of this forfeiture.

---

 [1]  The defendant has represented that the is the individual who controlled these corporations during the criminal activity and is presently the only corporate representative.  *See* Case No. 6:08-cr-231-Orl-28KRS, Doc. 21 at 2.

 [2]  Nexia has been inactive since September 2008.

 [3]  Titanium was dissolved in September 2009.

 [4]  Tenshi was dissolved in September 2007.

 [5]  Quantum Delta has been inactive since September 2007.

3. On July 23, 2009, the United States sent, via certified and regular U.S. Mail, the Notice of Forfeiture and the Preliminary Order of Forfeiture to Jay Stollenwerk, Jason Carlson, Jodi Jaiman, Shane Williams, Craig Vanderburg. (Exhibit 1).[6]

4. On or about July 28, 2009, the regular and certified mail as to Craig Vanderburg was returned with the notations "forward time exp rtn to send". (Exhibits 2 and 3). On August 27, 2009, the United States attempted again to send Craig Vanderburg the Notice of Forfeiture and on September 1, 2009, the United States received the return receipt. (Exhibit 4).

5. On or about July 28, 2009, the regular and certified mail as to Jason Carlson was returned with the notations "forwarding time expired." (Exhibits 5 and 6). On August 17, 2009, the United States attempted again to serve Jason Carlson and on about September 5, 2009, the certified mail was returned marked "Return to Sender Unclaimed Unable to Forward." (Exhibit 7).

6. In accordance with the provisions of 21 U.S.C. § 853(n), the United States published notice of the forfeiture of the above-referenced assets, and of its intent to dispose of the subject properties, on the official government website, www.forfeiture.gov, from March 24, 2009 to April 22, 2009. (Doc. No. 79). The publication gave notice to all third parties with a legal interest in the subject

---

[6] All of the Notice of Forfeitures mailed on July 23, 2009, are identical except for the recipient's name. Therefore, the United States is only attaching one notice with return receipts for Jay Stollenwerk, Jodi Jaiman, and Shane Williams. (Exhibit 1a)

property to file with the Clerk of the Court, 401 W. Central Blvd., Suite 1200, Orlando, FL 32801-0120.

## II. Applicable Law

When all third petitions have been adjudicated, or if no petitions are filed, it is appropriate to enter a final order of forfeiture in accordance with Rule 32.2(c)(2). In addition, the statute provides that following the disposition of all petitions, or if no petitions are timely filed in accordance with 21 U.S.C. § 852(n)(2), "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee." 21 U.S.C. § 853(n)(7).

As required under 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture actions, the United States published notice of the forfeiture on the official government website, www.forfeiture.gov, from March 24, 2009 and ending on April 22, 2009. Section 853(n)(1) of Title 21 gives the Attorney General broad authority to determine the manner of publication of an order of forfeiture in a criminal forfeiture case. Because publication by internet is now permitted in civil cases pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions G(4), the Attorney General, by and through the Chief of the Asset Forfeiture and Money Laundering Section, has determined that publication through the internet may also be effected in criminal forfeiture cases. The internet publication gave notice to all those who might have an interest in the assets of the United States' and intent to dispose of the assets, and gave instructions on filing a petition to

adjudicate their interest in the property. In accordance with those provisions, a person or entity has sixty (60) days from the first date of publication to file a petition with the District Court to adjudicate interest in the property. In this instance, the first date of internet publication on www.forfeiture.gov was March 24, 2009. Accordingly, the final date for filing a petition to adjudicate interest in the subject corporations was May 26, 2009,[7] and the time for filing such petitions have expired.

To date, no other third party has filed a petition to adjudicate an interest in the subject corporations and the time for filing such petitions has expired.

Publication having been effected, and no claims or petitions having been filed, it is now appropriate for the Court to enter a Final Order of Forfeiture as to the subject corporations.

### III. Conclusion

The United States respectfully requests that, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c),and Rule 32.2(c)(2), this Court enter a final order, forfeiting to the United States all right, title, and interest in the

---

[7] The 60th day after March 24th was May 23, 2009, a Saturday, and the following Monday, was a legal holiday; therefore petitions were due by Tuesday, May 26th.

subject corporations for disposition according to law, and vesting clear title to said properties in the United States of America.

        Respectfully submitted,

        A. LEE BENTLEY III
        Attorney for the United States,
        Acting Under Authority Conferred by
          28 U.S.C. § 515

By:   s/Anita M. Cream
      ANITA M. CREAM
      Florida Bar No. 56359
      Assistant United States Attorneys
      400 North Tampa Street, Suite 3200
      Tampa, Florida 33602
      (813) 274-6301 - telephone
      (813) 274-6220 - facsimile
      E-mail: anita.cream@usdoj.gov

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on November 10, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Elizabeth A. Green, Esquire

      I further certify that I mailed on November 9, 2009, the foregoing documents and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:

Craig Vanderburg
6689 Orchard Lake Rd
West Bloomfield, MI 48322-3404

Jodi Jaiman
533 Tuten Trial
Orlando, FL 32828

Jay Stollenwerk
5009 Pelleport Avenue, Apt. 336
Orlando, FL 32812

Shane Williams
1562 Hanks Avenue
Orlando, FL 32814

R. Scott Shuker, Esquire
Latham, Shuker, Eden & Beaudine
390 N. Orange Avenue, Ste. 600
Orlando, FL 32801

                                            s/Anita M. Cream
                                            ANITA M. CREAM
                                            Assistant United States Attorney