UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:08-cr-176-Orl-28GJK
(Forfeiture)

FRANK L. AMODEO

TO:  Jay Stollenwerk
5009 Pelleport Avenue, Apt. 336
Orlando, FL 32812
[regular and certified mail]

### NOTICE OF FORFEITURE

Notice is hereby given that on October 2, 2008, in the case of *United States v. Frank L. Amodeo*, Criminal No. 6:08-cr-176-Orl-28GJK, the United States District Court for the Middle District of Florida entered a Preliminary Order for the forfeiture of:

Corporations:

AQMI Strategy Corporation

Nexia Strategy Corporation

Presidion Solutions, Inc.

Professional Benefit Solutions, Inc.,
  d/b/a Presidion Solutions VII, Inc.

Quantum Delta Enterprises, Inc.,
  d/b/a Siren Resources, Inc.,
    Titanium Technologies, Inc.,
  f/k/a Titanium Consulting Services, Inc.

Tenshi Leasing, Inc.

Anthony T. Sullivan v. AQMI Strategy (counterclaim) - Orange County, Florida 07-CA-0015981-0

Michael Mapes, et al. v. Wellington Capital Group, Inc. - U.S.D.C., D. Neb-

8:07cv77

Dutko Global Advisors LLC v. AQMI Strategy Corporation (counterclaim settled) - Orange County, Florida - 48-2007-CA-018164-0

Providence Property & Casualty Insurance Co. et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (settled) - U.S.D.C., E.D., Tx. - 4:07-cv-202

Presidion Corporation v. Arrow Cree, Inc. et al. - Palm Beach County, Florida - 501006CA001417xxxxMB

Titanium Technologies, Inc., f/k/a Titanium Consulting Services, Inc.

The United States hereby gives notice of its intention to dispose of the forfeited properties in such manner as the United States Attorney General may direct. In accordance with the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any person having or claiming a legal right, title or interest in any of the aforementioned property must file a petition with the Clerk of the United States District Court, Orlando Division, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120 within thirty (30) days of the final publication of notice of the criminal forfeiture action or receipt of direct written notice, whichever is earlier.

The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the forfeited property, any additional facts supporting the petitioner's claim, and the relief sought.

A copy of any such petition is to be served on A. Brian Albritton, United States Attorney for the Middle District of Florida, 501 West Church Street, Suite 300, Orlando, Florida 32805, Attention: Anita M. Cream, Assistant United States Attorney. A copy of the Preliminary Order of Forfeiture is attached hereto.

                                        A. LEE BENTLEY III
                                        Attorney for the United States,
                                        Acting Under Authority Conferred by
                                            28 U.S.C. § 515

Dated this 23rd day of        By   *[signature]* for:
July, 2009                           ANITA M. CREAM
                                            Florida Bar No. 56359
                                            Assistant United States Attorneys
                                            400 North Tampa Street, Suite 3200
                                            Tampa, Florida 33602
                                            (813) 274-6301 - telephone
                                            (813) 274-6220 - facsimile
                                            E-mail: anita.cream@usdoj.gov

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  Case No. 6:08-cr-176-Orl-28GJK
(Forfeiture)

**FRANK L. AMODEO**

**PRELIMINARY ORDER OF FORFEITURE**

THIS CAUSE comes before the Court upon the filing of the Motion of the United States of America for Issuance of a Preliminary Order of Forfeiture, which, upon entry, shall be a final order of forfeiture as to the defendant, Frank L. Amodeo. The Court, being fully advised in the premises, hereby finds as follows:

1. That defendant, Frank L. Amodeo, has agreed that as a result of the conspiracy to commit wire fraud in, in violations of 18 U.S.C. § 371, and as alleged in Count One of the Indictment to which he pled guilty, the assets described more fully below are subject to forfeiture to the United States.

2. That, pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2), the United States is entitled to the forfeiture of the following as a result of his actions:

   a. The real property, including all improvements thereon and appurtenances thereto, located at:

      (1) 1159 Delaney Avenue, Orlando, Florida;

      (2) 3801 Carolina Avenue, Richmond, Virginia;

      (3) 4905 Research Drive, Huntsville, Alabama;

      (4) 102 West Whiting Street, Tampa, Florida; and

(5) The proceeds of the sale of 509 Riverfront Parkway, Chattanooga, Tennessee, currently held in the bankruptcy estate of Winpar Hospitality Chattanooga, LLC, Case No. 07-11908, U.S. Bank. Court, E.D. Tenn.

b. The following vehicles:

(1) 2006 Black Harley Davidson Motorcycle, VIN # 1HD1BWB156Y077592;

(2) 2006 Mercedes Benz CLS 500C Coupe, VIN # WDDDJ75X46A032858; and

(3) 2006 BMW 750Li, VIN # WBAHN83536DT30059

c. Gates Learjet Model 25D, Aircraft Number 4488W;

d. The following promissory notes:

(1) A promissory note in the amount of $3,500,000.00 dated on or about May 7, 2007 between Wellington Capital and Worker's Temporary Staffing, Inc., including payments of $63,000.00 per month; and

(2) A promissory note in the amount of $5,500,000.00 dated on or about May 27, 2007 between Mirabilis Ventures, Inc. and Conrad D. Eigenmann, Jr., including semi-annual payments of at least $100,000.00.

e. The following seized funds:

(1) $253,487.45 in proceeds seized from the trust account of the law firm of Balch Bingham LLP;

(2) $101,393.86 in proceeds seized from the trust account of the law firm of Shutts & Bowen;

(3) $42,419.72 in proceeds seized from the trust account of the law firm of Mateer and Harbert;

(4) $100,000.00 in proceeds seized from the trust account of the law firm of Maher, Guily, Maher PA;

2

 (5) $105,922.96 in proceeds seized from the trust account of the law firm of Martin, Pringle, Oliver, Wallace, & Baur LLP;

 (6) $50,000.00 in proceeds seized from the trust account of the law firm of Bieser, Greer & Landis LLP;

 (7) $8,518.30 in proceeds seized from the trust account of the law firm of Allen, Dyer, Doppelt, Milbrath & Gilchrist PA;

 (8) $25,000.00 in proceeds seized from the trust account of the law firm of Valenti, Hanley & Robinson PLLC;

 (9) $10,000.00 in proceeds seized from the trust account of the law firm of Brown, Stone, & Nimeroff LLC;

 (10) $21,900.00 in proceeds seized from the trust account of the law firm of Hunt Rudd PA;

 (11) $41,029.54 in proceeds seized from the trust account of the law firm of Ford & Harrison PA;

 (12) $12,528.51 in proceeds seized from the trust account of the law firm of Broad & Cassel;

 (13) $20,754.19 in proceeds seized from the trust account of the law firm of Latham, Shuker, Barker, Eden, & Beaudine LLC; and

 (14) $13,100.99 in proceeds seized from Fifth Third Bank Account No. 7440599020 in the name of Soone Business Development.

f. The assets of the following corporations, including but not limited to the below listed lawsuits and/or settlements:

Corporations:

AEM, Inc., d/b/a Mirabilis HR,
AQMI Strategy Corporation,
Hoth Holdings, LLC,
Mirabilis Ventures, Inc.,
Nexia Strategy Corporation,
Presidion Solutions, Inc.,
Professional Benefit Solutions, Inc.,
 d/b/a Presidion Solutions VII, Inc.
Quantum Delta Enterprises, Inc.,
 d/b/a Siren Resources, Inc.,

3

Titanium Technologies, Inc.,
f/k/a Titanium Consulting Services, Inc.,
Tenshi Leasing, Inc.
Wellington Capital Group, Inc.

Lawsuits:

| Style of case | Location | Case No. |
|---|---|---|
| Mirabilis Ventures, Inc. v. Jeffrey Reichel | Broward County, Florida | CACE 07011827 |
| Mirabilis Ventures, Inc, and Nexia Strategy Corp. v. Palaxar Group, LLC, et al. | Orange County, Florida | 07-co-13191 (37) |
| Mirabilis Ventures, Inc. v. Forge Capital Partners, LLC, et al. | Orange County, Florida | 07-CA-13828 (33) |
| Mirabilis Ventures, Inc. v. J.C. Services, Inc., et al. | U.S.D.C., M.D. Fl. | 6:06-cv-1957-Orl-22KRS |
| AEM, Inc. d/b/a Mirabilis HR v. Sheryl Okken, Progressive Employer Services, LLC, et al. | Brevard County, Florida | 05-2007-CA-006526 |
| RKT Constructors, Inc. v. Del Kelley and Robi Roberts | Orange County, Florida | 2007-CA-012599-0 |
| Mirabilis Ventures, Inc. v. Stratis Authority, Inc., et al. | Orange County, Florida | 07-ca-13826 (37) |
| Mirabilis Ventures, Inc. v. Premier Servicing, LLC and Robert Konicki | Orange County, Florida | 07-ca-33197 (34) |
| Mirabilis Ventures, Inc. v. Robert Lowder, et al. | Orange County, Florida | 2006-CA-005742-0 |
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | U.S.D.C., M.D.Fl. | 8:07-cv-661-T17EAJ |

4

| Style of case | Location | Case No. |
|---|---|---|
| Kenneth Hendricks, et al. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Hillsborough County, Florida | DC-07-014201J |
| Berman, Kean & Riguera, P.A. v. Mirabilis Ventures, Inc., et al. (Counterclaim) | Broward County, Florida | 07-024968 (21) |
| Anthony T. Sullivan v. AQMI Strategy (Counterclaim) | Orange County, Florida | 07-CA-0015981-0 |
| Paysource, Inc. And Robert Sacco v. Mirabilis Ventures, Amodeo, et al. (Counterclaim) | U.S.D.C., S.D. Ohio | 3:07cv0129 |
| Prime Acquisition Group, LLC v. Ionic Services, Inc., et al. (Counterclaim) | Palm Beach County, Florida | 502007CA02242 |
| Michael Mapes, et al. v. Wellington Capital Group, Inc. | U.S.D.C., D. Neb. | 8:07cv77 |
| Briarcliff Village, LLC v. Mirabilis Ventures, Inc. | Clay County, Missouri | 07CY-CV09414 |
| William Gregory v. Floyd Road v. Mirabilis Ventures, Inc. (Counterclaim) | Hillsborough County, Florida | 07-CA-010780 |
| Coastal Equity Partners, LLC v. Pacific Atlantic Capital Corp., et al. (Counterclaim) | Henrico County, Virginia | CL07-1960 |
| Liberty Property Limited Partnership v. Mirabilis Ventures, Inc., et al. (Counterclaim, settled) | Duval County, Florida | 162007CA003642 |
| Tranmere Rovers Football Club v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Liverpool, England | 7LV30022 |

| Style of case | Location | Case No. |
|---|---|---|
| Mark Lang v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-002929-0 |
| David Chaviers, Norman Chaviers, Kellie Ledbetter and Tom Hancock v. Mirabilis Ventures, Inc. And Frank Amodeo, et al. (Counterclaim, settled) | U.S.D.C., N.D. Ala. | CV-07-0442-cls |
| Carlton Fields v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Hillsborough County, Florida | 07-CC-038145 |
| Brevard County v. RKT Constructors, Inc. (Counterclaim, settled) | Brevard County, Florida | 05-2007-CA-12251 |
| Bellsouth v. RKT Constructors, Inc., et al. (Counterclaim, settled) | Orange County, Florida | 05-2007-CA-9660-0 |
| Dutko Global Advisors LLC v. AQMI Strategy Corporation (Counterclaim, settled) | Orange County, Florida | 48-2007-CA-018164-0 |
| Capital Office Products of Volusia County, Inc., v. Mirabilis Ventures, Inc. (Counterclaim, settled) | Volusia County, Florida | 2007-34950 COCI |
| CDW Corporation, Inc. v. Information Systems, Inc. (Counterclaim, settled) | Cook County, Illinois | 2007-L-002446 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2003-CA-047397 |
| RKT Constructors, Inc. v. Florida Department of Transportation (Settled) | Broward County, Florida | 05-2006-CA-060518 |

6

| Style of case | Location | Case No. |
|---|---|---|
| Providence Property & Casualty Insurance Co, et al. v. Paradyme, Inc., d/b/a Presidion Solutions VI (settled) | U.S.D.C., E.D. Tx. | 4:07-CV-202 |
| Presidion Corporation v. Arrow Creek, Inc., et al. | Palm Beach County, Florida | 502006CA001417xxxxMB |

    g.  Any and all property of the following bankruptcy estates, including funds which now constitute or have constituted funds of the estate:

| Style of case | Location | Case No. |
|---|---|---|
| In Re: Winpar Hospitality Chattanooga, LLC. | U. S. Bankruptcy Court, E.D. Tenn. | 07-11908 |
| Sam Hopkins, Trustee v. Todd Pattison and Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, D. Idaho | 08-08005-JDP |
| In Re: Mirabilis Ventures, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04327-KSJ |
| In Re: Hoth Holdings, LLC | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04328-KSJ |
| In Re: AEM, Inc. | U. S. Bankruptcy Court, M.D. Fl. | 6:08-bk-04681 |
| In Re: North American Communications | U. S. Bankruptcy Court, D. Utah | 2:07-bk-24900 |

Being fully advised in the premises, the Court finds:

WHEREAS, by virtue of the plea agreement, the United States is now entitled to possession of the above-listed assets pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure;

7

It is hereby ORDERED, ADJUDGED and DECREED:

1. That all right, title and interest of defendant, Frank L. Amodeo, in the above-listed assets is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. That, following the entry of an order of forfeiture, the United States is authorized to seize the specific property subject to forfeiture. The United States also shall publish notice of the order and of its intent to dispose of the forfeited asset in such a manner as the Secretary of the Treasury may direct. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the above-described assets, that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

3. That any person, other than Frank L. Amodeo, who has or claims any right, title or interest in the above-described assets must file a petition with this Court for a hearing to adjudicate the validity of his alleged interest in the forfeited asset. The petition should be mailed to the Clerk of the United States District Court, Orlando Division, 401 W. Central Blvd., Suite 1200, Orlando, Florida 32801-0120, within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

4. The petition shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited asset, the time and circumstances of the petitioner's acquisition of the right,

8

title or interest in the forfeited asset, and any additional facts surrounding the petitioner's claim and the relief sought.

5. After receipt of the petition by the Court, the Court will set a hearing to determine the validity of the petitioner's alleged interest in the forfeited asset.

6. That upon adjudication of all third-party interests in the above-described assets, this Court will enter a Final Judgment of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), in which all interests will be addressed.

DONE and ORDERED this 2 day of October, 2008, in Orlando, Florida.

UNITED STATES DISTRICT JUDGE