FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**United States Of America**
    Plaintiff,

v.                                     Case No. 08-00176-CR-ORL-28-GJK

**Frank L. Amodeo,**
    Defendant.

_____/

## MOTION FOR RECONSIDERATION OF ORDER
## DENYING APPOINTMENT OF COUNSEL

Comes Now Frank L. Amodeo and files this motion for reconsideration of Magistrate Kelly's denial of appointment of counsel.

1.

As Amodeo becomes clearer-headed as a result of the Bureau of Prison's reduction in Amodeo's medication (eliminating the antipsychotic drugs and halving the Depakote); Amodeo is becoming poignantly aware of how a trial court can manipulate a record.

2.

Such manipulation affects the viability of supervisory or appellate review, thus it is incumbent upon defense counsel or pro se representation to ensure a record is comprehensive and crystal clear.

3.

As to the order denying Amodeo's request for an appointed attorney, Amodeo has not yet read the order since the Court, for some inexplicable and unexplained reason, has stopped sending Amodeo copies of the Court's decisions in Amodeo's case.



4.

This is a change in the Court's behavior; from June of 2009 through October 2009 (actually until the Court was copied with Amodeo's memoranda on how this Court deprived Amodeo of counsel) the Court was mailing the notices directly to Amodeo; whether at Orange County Jail or Federal Correctional *Complex-Low* at Coleman.

5.

Amodeo has however had the order read to Amodeo and does agree denial is appropriate so long as the denial is based solely on lack of jurisdiction and the Court is completely divested of jurisdiction.

6.

As to the Court's surplus comments about denying the request for counsel on collateral relief, Amodeo is aware of the restrictions on appointment of counsel in either Habeas actions or collateral civil proceedings.

7.

Amodeo needs to point out for the record the current proceedings and the prospective proceedings, assuming this Court ever regains jurisdiction, are not collateral proceedings.

8.

And to the extent such proceedings are not collateral, Amodeo is entitled to counsel.

9.

Even in proceedings within this case commenced, by writ, post-certiorari. (See memorandum of law attached and incorporated by reference into this motion.)



-2-

10.

To the extent the Court desires to declare a new principle of constitutional law or a different reinterpretation of the Sixth Amendment, Amodeo would ask the magistrate to have the district court ratify and certify the order; such that the order is properly postured for appeal.

11.

Otherwise Amodeo requests the court reconsider the order and limit the decision and the record to a denial on jurisdictional grounds."

12.

If the Court believes the Court has jurisdiction, then please appoint counsel immediately.

Wherefore, Amodeo respectfully requests the Court reconsider the court's order denying appointment of counsel, limiting such denial to lack of jurisdiciton, exclusively. Alternatively to appoint counsel or for such other and further relief as the Court deems appropriate or fair.

Respectfully submitted this 26 day of December 2009.

Frank L. Amodeo
Federal Correctional Complex
Low Security
P.O. Box 1031
Coleman, FL. 33521-1031

## MEMORANDUM OF LAW ON APPOINTMENT

An individual accused of a crime in the United States of America is entitled to representation by a competent attorney. The United States Constitution, Sixth Amendment; <u>Johnson v. Zebrst</u>, 304 U.S. 458 (1938); <u>Gideon v. Wainwright</u>, 372 U.S. 355 (1963); and Fed.R.Crim.P. 44.

This right commences at the first instances where the individual's liberty interest is at risk. <u>Kirby v. United States</u>, 406 U.S. 682 (1972); <u>Moore v. Illinois</u>, 434 U.S. 220 (1977); <u>Brewer v. Williams</u>, 403 U.S. 387 (1977); and <u>Stokes v. Singletary</u>, 952 F.2d 1567 (11th Cir. 1992).

The right continues to exists through every stage of the criminal process including pretrial and post-trial. <u>Chessman v. Teets</u>, 354 U.S. 156 (19570; <u>Maine v. Maulton</u>, 474 U.S. 159 (1995).

The right extends to an individual's direct appeal of decisions made by the trial court. <u>Johnson v. United States</u>, 352 U.S. 565 (1957); <u>Douglas v. California</u>, 372 U.S. 353 (1963); <u>Evitts v. United States</u>, 469 U.S. 387 (1985); <u>Penson v. Ohio</u>, 488 U.S.75 (1988); and <u>Halbert v. Michigan</u>, 125 S.Ct. 2582.

The right to counsel further extends to post appeal actions rising directly out of the criminal proceedings such as resentencing or utilization of common law writs. <u>Lane v. Brown</u>, 372 U.S. 477 (1963); <u>United States v. Denedo</u>, 173 L.Ed. 2d 1235 (2009).

Sound principles underlie this right. Both Constitutional and practical.

Constitutionally, the right to counsel arises from the Equal Protection and Due Process Clauses. <u>United States v. Palomo</u>, 80 F.3d 138 (5th Cir.).

An individual incarcerated is necessarily impeded by the state from effectively representing oneself.

The limitations include the obvious restrictions on freedom and movement which corresponds to an inability to conduct discovery, interview witnesses, examine physical evidence, and discuss the matters or issues in controversy with the opposition or advisors.

The incarcerated individual is further disadvantaged by lack of access to courts, legal information and technology.

The incarcerated person cannot access the federal PACER system or the state court's equivalents, lack the ability to file, or receive documents or notes electronically, access to legal information is limited especially with regards to secondary sources and case law (federal inmates have no access to state or administrative law; even though these inmates have nonfederal issues; state inmates the situation is vice-versa and exacerbated by limitation of only having access to a single state law) and are at significant technological disadvantage.

The incarcerated inmate does not have access to word processing equipment, facsimiles, or scanner or open e-mail. Without such equipment even a simple typographical error imposes tremendous burdens upon the incarcerated to correct.

While incarcerated the individual has significant restrictions upon spending which limit access to copying and mailing.

In addition, there are physical restrictions: limiting access to copy equipment and even the purchasing of stamps for sending mail..

All of the above more than justify the right to counsel; however the heart of this right springs from the natural knowledge disadvantage of the incarcerated individual.

Even if such person has a history of recidivism which is usually not the case. This person's interaction and knowledge of the legal system will be only a fraction of that processed by the full-time prosecutors and law enforcement agents of the respective sovereigns.

This disadvantage even with appointed counsel is mountainous, without counsel the obstacle is unscalable.

In the interest of justice, the integrity of the judicial system and common notions of fairness the accused must be appointed counsel.

And such counsel must be allocated sufficient financial resources to dedicate enough time and effort to conduct a thorough investigation in order to zealously advocate for the accused.

## CERTIFICATE OF SERVICE

A copy of this motion for reconsideration of the order denying appointment of counsel has been served by first class mail upon the United States of America at:

United States Attorney's Office
501 West Church Street; Suite 300
Orlando, FL. 32805
Att: I. Randall Gold, Esquire

12/26/05
Date

Frank L. Amodeo

-4-