# United States Court of Appeals
## For the Eleventh Circuit

No. 09-12937

District Court Docket No.
08-00176-CR-ORL-28-GJK

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jul 21, 2010

JOHN LEY
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK L. AMODEO,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: July 21, 2010
For the Court: John Ley, Clerk
By: Gilman, Nancy

ISSUED AS MANDATE
AUG 1 9 2010
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 21, 2010
JOHN LEY
CLERK

No. 09-12937
Non-Argument Calendar

D. C. Docket No. 08-00176-CR-ORL-28-GJK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK L. AMODEO,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Florida

(July 21, 2010)

Before EDMONDSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Frank L. Amodeo appeals his convictions after he pleaded guilty to (1) conspiracy to defraud the United States, 18 U.S.C. § 371; (2) failure to remit payroll taxes, 26 U.S.C. § 7202; and (3) obstruction of an agency investigation, 18 U.S.C. § 1505. On appeal, Amodeo seeks to have his guilty plea set aside and his case remanded to the district court based on (1) ineffective assistance of counsel by his lawyer, who allegedly labored under two actual conflicts of interests* and (2) the district court's failure to make a competency determination. No reversible error has been shown; we affirm.

We generally do not consider claims of ineffective assistance of counsel on direct appeal "where the district court did not entertain the claim nor develop a factual record." United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002). In such a case, the preferred method of raising ineffective assistance of counsel is in a 28 U.S.C. § 2255 motion to vacate. See Massaro v. United States, 123 S.Ct. 1690, 1694 (2003).

We decline to address Amodeo's ineffective assistance of counsel claims

---

*The first supposed conflict involved his criminal defense counsel's attendance at a pre-indictment "mock" deposition, where Amodeo was being prepared for an interview with the Internal Revenue Service. And the second supposed conflict arose from an alleged threat the government made to Amodeo to seek forfeiture of his lawyer's fees if Amodeo did not agree to an earlier proposed plea agreement.

2

because the record is not sufficiently developed to evaluate the claims at this time. The record reveals that the ineffective assistance of counsel claims raised by Amodeo in his present appeal were not addressed at any depth in the district court. Although Amodeo briefly raised the underlying issues about the alleged conflicts, these claims were not the subject of separate briefing as constitutional ineffectiveness claims nor addressed as such and made the subject of findings and conclusions at the sentencing hearing. See id. (an appellate court is not best suited to assess the factual predicate for an ineffective assistance of counsel claim in the first instance "even if the record contains some indication of deficiencies in counsel's performance"). Without a factual record revealing the reasons for counsel's choices, we cannot effectively decide these claims.

Amodeo's claim that the district court failed to make a competency determination plainly is belied by the record. Notwithstanding the stipulation by both Amodeo and the government that he was competent, the district court heard testimony from one of Amodeo's treating doctors about his treatment in the year leading up to the plea agreement; and this doctor opined that Amodeo was competent under the federal standard. And, at the plea hearing, after engaging in lengthy colloquies directly with Amodeo about his mental state, his comprehension of the charges against him, the details of the plea agreement, and the legal

3

consequences of the guilty plea, the district court determined specifically that Amodeo was competent to enter into the plea agreement. Therefore, Amodeo's competency argument is without support in the record.

AFFIRMED.

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**John Ley**
Clerk of the Court

For rules and forms visit
www.ca11.uscourts.gov

August 19, 2010

Sheryl L. Loesch
Clerk, U.S. District Court
401 W CENTRAL BLVD STE 1-200
Orlando  FL  32801-0120

**Appeal Number: 09-12937-HH**
Case Style: USA v. Frank L. Amodeo
District Court Number:  08-00176 CR-ORL-28-GJK

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
    Original Exhibits, consisting of: two folders, one psi
    Original record on appeal or review, consisting of: ten volumes

The clerk of the court or agency shown above is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision</u>, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

John Ley, Clerk of Court

Reply To: James O. Delaney (404) 335-6113

Encl.

MDT-1 (06/2006)