UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                            Case No. 6:08-cr-176-Orl-28GJK
                                                                           (Forfeiture)

FRANK L. AMODEO

**UNITED STATES' OPPOSITION TO MOTION FOR RECONSIDERATION**

The United States of America, by and through the undersigned Assistant United States Attorney, hereby opposes the defendant's motion for reconsideration of the Court's order vacating the Final Order of Forfeiture (FOF) as to Nexia Strategy Corporation and AQMI Strategy Corporation. Doc. 208. Contrary to defendant's assertion, the Court had the authority to vacate the forfeiture – the FOF as well as the preliminary order of forfeiture (POF). Additionally, defendant's allegations that government counsel had an ethical duty to withdraw and an obligation to notice his guardian as an indispensable party are frivolous. In support of its position, the United States provides the following memorandum of law.

**MEMORANDUM OF LAW**

**A.     The Court Had Jurisdiction to Vacate the Forfeiture Order**

The district court's jurisdiction and authority to enter orders of forfeiture are found in 18 U.S.C. §§ 981(a)(1)(C) and 3231; 28 U.S.C. § 2461(c); 21 U.S.C. § 853, and Fed. R. Crim. P. 32.2. The order that begins the criminal forfeiture is the POF, which must be entered at or before sentencing. *See* Fed. R. Crim. P.

1

32.2(b)(2).  Although the POF becomes final at sentencing (or before if the defendant consents), see Fed. R. Crim. P. 32.2(b)(4)(A), the court may amend an existing POF *at any time*, Fed. R. Crim. P. 32.2(e) (emphasis added).

It is beyond dispute that a criminal forfeiture is an aspect of the defendant's sentence imposed following conviction.  *Libretti v. United States*, 516 U.S. 29, 38-39 (1995); *United States v. Elgersma*, 971 F.2d 690, 692-93 (11th Cir. 1992) (en banc); 21 U.S.C. § 853(a).  However, while forfeiture of *the defendant's interest* in property is a mandatory part of the defendant's sentence, *United States v. Gilbert*, 244 F.3d 888, 909 (11th Cir. 2001) ("forfeiture is a *mandatory* element of sentencing"), there is no law which requires the government to complete a forfeiture of property.  All that is required is that the defendant's interest in property subject to forfeiture be forfeited at or before sentencing upon a motion by the government.  Here, entry of the POF satisfied the Court's obligation.  And the POF remains in place.[1]

Circumstances have now changed though and the United States no longer wants to pursue the forfeiture of the corporations.  The United States is never required to seek the forfeiture of assets.  See Fed. R. Crim. P. 32.2(b)(1) ("*If* the government seeks forfeiture of specific property, the court must determine whether

---

1  Contrary to defendant's assertions, amendment of a FOF has no bearing on his sentence.  The FOF is part of the ancillary proceeding and, as such, is a post-judgment proceeding.  See Fed. R. Crim. P. 32.2(6)(c).  In retrospect, however, the United States should have requested that the court vacate the POF related to the subject corporations as well as the final order of forfeiture in order to fully restore ownership of the corporations to their pre-forfeiture statues (i.e. to the defendant).  Consequently, this pleading articulates why the Court has the authority to vacate the POF.  The United States believes vacating the POF now is appropriate.

the government has established the requisite nexus between the property and the offense.") (emphasis added); Fed. R. Crim. P. 32.2(e)(1) ("*On the government's motion*, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture" to include substitute assets) (emphasis added).  Moreover, no statute or rule of criminal procedure prohibits the government from moving to vacate an order of forfeiture.  Indeed, it is common practice.  For instance, where as here the government determines, after entry of a forfeiture order, that an asset lacks sufficient equity to complete the forfeiture, it moves to vacate the forfeiture; such motions are always granted.  *See United States v. Cone*, Case No. 8:06-cr-43-SCB-MAP, 2009 WL 2163106, *5 (July 18, 2009) ("This Court notes that it has the authority to grant the motion [to vacate a POF imposed years earlier] and has, on prior occasions, vacated POFs that it previously entered.") (citations omitted), *aff'd on other grounds*, 627 F.3d 1356 (11th Cir. 2010).[2]

Criminal forfeiture is intended to punish the defendant.  Congress clearly did not intend for its forfeiture laws to be a drain on government resources.  It, therefore, makes no sense to assert that an order of forfeiture could be amended post-sentencing to include new property, but not to dismiss property the government does not want to own.

---

[2] On appeal, the third party claimant argued that the district court lacked the post-judgment authority to vacate an order of forfeiture.  Because the Eleventh Circuit held that the third party lacked standing to oppose the United States' motion to vacate the forfeiture, it did not decide whether the district court had authority under Rule 32.2 to vacate the POF.  *See* 627 F.3d at 1359 n.2.

**B.      Vacatur of the Forfeiture Does Not Prejudice the Defendant**

As noted above, forfeiture is an element of the defendant's sentence intended to punish the defendant.  *Libretti*, 516 U.S. 38-39.  While pursuing asset forfeiture brings money into the government's coffers, there can be no question that the public policy behind forfeiture is to take the profit out of crime.  See *Department of Justice National Asset Forfeiture Strategic Plan 2008-2012*, at 3 ("Tremendous sums of monies are generated from illegal activity every year, and asset forfeiture has become a vital weapon in the United States' anti-crime arsenal to strip criminals of their illicit wealth."); *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 630 (1989) (The principal purpose for forfeiture is "the desire to lessen the economic power" of criminal enterprises).  It is therefore ironic that the defendant is complaining that the United States is lessening his sentence – eliminating the forfeiture of two of his corporations.  Because the United States does not believe these corporations have any value, vacatur of the forfeiture may not affirmatively benefit the defendant.  However, it does not prejudice him.  Instead, it restores him to the position he was in prior his execution of his plea agreement and entry of the POF.[3]  It strains the imagination to understand how

---

[3] Incredibly, Defendant's motion states that he was previously unaware of the forfeiture of AQMI.  Doc. 209 at 1, 5-6.  The United States, with defendant's consent, moved for entry of the POF against AQMI in September 2008, Doc. 40, pursuant to the terms of defendant's plea agreement, Doc. 23 at 10.  The POF was entered the next month.  Doc. 46.  Forfeiture was fully discussed at sentencing.  The motion for entry of a final order of forfeiture (FOF) further reflects that the defendant was acting as the legal representative of AQMI, *see* Doc. 176 at 3.  Moreover, following entry of the FOF, the United States moved to dismiss the indictment against AQMI (and other corporations) because in light of the FOF there was "no law enforcement purpose served by continuing to prosecute the charges."

defendant can assert that his guardian was required to be afforded an opportunity to be heard before his punishment was diminished or why government counsel had an ethical obligation to withdraw from this case. His assertion that vacatur of the forfeiture order renders his criminal judgment non-final is similarly nonsensical.

For the foregoing reasons, the United States requests that the Court deny defendant's motion for reconsideration. The United States further requests that the Court vacate the POF as to AQMI and Nexia, Doc. 46.

    Respectfully submitted,

    A. LEE BENTLEY, III
    United States Attorney

By:    s/Anita M. Cream
    ANITA M. CREAM
    Florida Bar No. 56359
    Assistant United States Attorney
    400 North Tampa Street, Suite 3200
    Tampa, Florida   33602
    (813) 274-6301 - telephone
    (813) 274-6220 - facsimile
    E-mail: anita.cream@usdoj.gov

---

Doc. 105 at 1. The Court dismissed the indictment the next day. Doc. 106.

## **CERTIFICATE OF SERVICE**

 I hereby certify that on April 11, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

 Thomas H. Dale, Esquire
 Richard P. Jahn, Esquire
 Elizabeth A. Green, Esquire

 I further certify that on April 11, 2014, the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participant:

Frank L. Amodeo
48883-019
Federal Correction Complex – Low
P. O. Box 1031
Coleman, FL 33521

              s/Anita M. Cream
              ANITA M. CREAM
              Assistant United States Attorney