

United States District Court
Middle District of Florida
Orlando Division

United States of America,

VS

Case no. 6:08-cr-176-orl-28cvk

Frank Louis Amodeo

_____/

## NOTICE OF INTENT TO REPLY TO THE GOVERNMENT'S RESPONSE TO THE RECONSIDERATION MOTION

On April 14, 2014, I received the government response to my motion to reconsider. Unfortunately, even expedited, it will require 14 days to reply (on top of everything else the inmate photocopier has been broke for a couple of weeks), but this primer will demonstrate the importance of my full reply:

1. The government's allegations about their control or ownership of AQMI are wrong. For 5 years, I have been served notice of all AQMI-related matters; the government has not been involved at all. This court should take judicial notice of the Mirabilis bankruptcy docket, which will prove my point. Of course I will append documentary proof to the reply.

2. Ms. Cream's personal decisions (e.g. Winpar Bankruptcy) cost the taxpayer, the IRS, etc. at least 8 million dollars and she likely participated in the decisions, which caused an additional loss of more than 20 million to be lost; she approved the Slaughter-Maher contracts (Appendix 9-A, 2255 case #00641), etc. Inevitably, she is a witness---quite simply---if she does withdraw, this court should disqualify her.

3. In an ad hominem flurry, the government misses the subject-matter jurisdiction point; no matter what Ms. Cream or I think or do; this court needs to address how it has subject-matter jurisdiction to modify a criminal judgment without express statutory authority. Briefly, "[C]riminal forfeiture is part of a defendant's sentence. *United States v. Gilbert*, 244 F.3d 888, 924 (11th Cir.2001). Rule 32.2 contemplates final disposition of forfeiture issues, as regards a defendant, at the time of sentencing. *United States v. Petrie*, 302 F 3d 1280, 1284 (11th Cir.2002). Notably, the government cannot even challenge the total absence of a forfeiture order. Fed. R. Civ. P. 32.2 (2008); The Constitution strictly proscribes this court's authority to act without specific legislative authorization. See *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); Court of Ulster County, *New York v. Allen*, 442 U.S. 140 (1979); See also *Menotti v. GMAC*, 298 U.S. 178, 182-83 (1936); *Turner v. Bank of America*, 4 Dall. 8,11,1 L.Ed. 718 (1799); Cf. also *United States v. Rojas*, 429 F.3d 1317 1320 (11th Cir. 2005) (There is a presumption that every federal court is without jurisdiction, unless the contrary affirmatively appears from the record).

Thus, this court's judgment is likely null, but even nullified, this course of action demonstrates the fundamental flaws, which permeate my prosecution. My reply will more thoroughly discuss these concerns, and the very interesting question implicated by the government's response:

> The government correctly articulates the proposition that "forfeiture is punishment." *United States v. Elgersma*, 971 F.2d 690, 694 (11th Cir. 1992) (Resp. to Recon. P). Under that proposition, this court did not use the correct standard (beyond a reasonable doubt) when it authorized the forfeiture of my personal assets. I never made any admissions regarding the Sunshine fees ---not even an involuntary one--- the constitutional standard is not met. Now the forfeiture is void. A very interesting constitutional issue that I will more thoroughly develop in the reply.

Finally, I must note once again that according to the State of Florida and the BOP, although I am stable in my current environment, I remain legally

incompetent, thus this court should appoint competent assistance. At a minimum this court should allow me 14 days to reply and address the competency matter.

Please allow me until April 30 to submit the reply brief.

Respectfully submitted this 16th day of April 2014 by:

Frank Amodeo # 48883-019
Federal Correctional Complex
P.O. Box 1031, Unit B3
Coleman, FL 33521

## CERTIFICATE OF SERVICE

A copy of this notice has been sent by first class mail to the attorney of record for the United States the same day as filed.

Frank L. Amodeo