UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FRANK LOUIS AMODEO,

    Petitioner,

v.                                                                    Case No: 6:08-cr-176-Orl-28GJK

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner's Motion for Disqualification (Doc. 276), Motion to Permit Post-Judgment & Pre-Completion of Section 2255 Motion (Doc. 278), and Motion to Permit Next Friend Pro Se Filing (Doc. 279). These motion were filed by Charles Rahn as the "Next Friend and State-appointed Guardian for Frank L. Amodeo." (Doc. 276 at 1).

Upon consideration, it is **ORDERED** as follows:

1.    Petitioner's Motion for Disqualification (Doc. 276) is **DENIED**. On May 27, 2009, Petitioner was adjudicated guilty of various crimes and sentenced to imprisonment for a total term of 270 months. (Doc. 126). The Eleventh Circuit Court of Appeals affirmed. (Doc. 194). Petitioner later filed a Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") (civil case number 6:12-cv-691-Orl-28DAB), which the Court denied. (Doc. 235). The Eleventh Circuit Court of Appeals affirmed.

This motion is without merit. First, there is no matter pending that would require the Court to rule on the motion. Next, the Court denied a previously filed motion to disqualify containing some of the same allegations offered in support of this motion. (Doc. 262). This motion is untimely. Finally, Petitioner has failed to demonstrate any basis to support a recusal in this case. Petitioner has merely provided the Court with vague and conclusory allegations, which are unsupported. Petitioner's unsubstantiated suggestions of personal bias or prejudice do not require recusal in the present case.

2. Petitioner's Motion to Permit Post-Judgment & Pre-Completion of Section 2255 Motion (Doc. 278) is **DENIED**. It is apparent that Petitioner seeks to relitigate his Motion to Vacate. However, Petitioner argues that, instead of attempting to file a successive section 2255 motion, he is seeking relief under Federal Rule of Civil Procedure 60(b)(6).

In *Gonzalez v. Crosby*, 545 U.S. 524 (2005), the Supreme Court held that state prisoners could not use Rule 60(b) to evade the second or successive petition bar contained in 28 U.S.C. § 2244(b) by either adding a new ground for relief or attacking the federal court's previous rejection of a claim on the merits. *Id.* at 532. The petitioner in *Gonzalez* was a state prisoner trying to get around the § 2244(b) bar, not a federal prisoner like Defendant trying to get around the § 2255(h) bar. However, "the standard announced in *Gonzalez* applies to federal prisoner cases as well." *Gilbert v. United States*, 640 F.3d 1293, 1323 (11th Cir. 2011).

Here, Petitioner seeks "to assert or reassert a claim for relief, instead of pointing out a defect in the integrity of the earlier § 2255 motion proceeding in his case, [and] under *Gonzalez* his motion is the equivalent of a second or successive motion and is barred by § 2255(h)." *Id.* Before Defendant will be permitted to file a second or successive § 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255.

3. Petitioner's Motion to Permit Next Friend Pro Se Filing (Doc. 279) is **DENIED** as moot.

**DONE** and **ORDERED** in Orlando, Florida on March 29, 2018.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 3/29