UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    Plaintiff,

v.                                            CASE NO: 6:08-cr-176-Orl-28TBS

FRANK L. AMODEO

    Defendant.
_____

## ORDER

Pending before the Court is the Motion to Appoint Counsel to Assist Frank L. Amodeo with Applying First Step Act Provisions (Doc. 303). Mr. Amodeo did not sign the motion and he is not represented by a lawyer. The motion is signed by Donovan Davis Jr. as "next friend." (Id., at 2-3). Mr. Davis states that he "is not acting as counsel for Mr. Amodeo—quite the contrary. Mr. Davis is simply helping Mr. Amodeo." (Id., fn. 1). Mr. Davis cites Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed. 718 (1969); Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); and FED. R. CIV. P. 17(c) as legal authority for his ability to assist Mr. Amodeo.

Johnson involved an inmate challenge to a Tennessee prison regulation prohibiting inmates from assisting one-another with their legal matters. Tennessee defended the regulation as part of the disciplinary administration of its prisons. The Supreme Court held that "unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation such as that here in issue, barring inmates from furnishing such assistance to other prisoners." Johnson v. Avery, 393 U.S. at 490.

Bounds was an inmate who complained that the state of North Carolina had failed

to provide adequate prison law libraries. The Supreme Court held "that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. at 828.

Federal Rule of Civil Procedure 17(c) provides that a general guardian, committee, conservator, or like fiduciary may sue or defend on behalf of a minor or incompetent. This is a criminal proceeding, and Mr. Davis is not appearing as a fiduciary for Mr. Amodeo. Consequently, while Mr. Davis may assist Mr. Amodeo in the preparation of motions, Mr. Davis' signature is insufficient to file a valid motion on Mr. Amodeo's behalf.

Charles Rahn has appeared in this case as Mr. Amodeo's state appointed guardian (Doc. 298 at 1). Mr. Rhan has not joined in the pending motion and even if he had, the Eleventh Circuit recently held that Mr. Rahn cannot proceed *pro se* on Mr. Amodeo's behalf "because a non-lawyer may not represent another individual in federal court." Amodeo v. United States of America, No. 18-12845-FF, at 2 (11th Cir. April 26, 2019).

In March of this year, Mr. Rahn filed a motion for the appointment of a lawyer to assist Mr. Amodeo in the preparation of a notice of appeal and an application to proceed *in forma pauperis* (Doc. 292). The motion states that "[t]his and other courts have concluded that Mr. Amodeo lacks the capacity to sue without proper representation." (Doc. 292 at 1) (citing Amodeo v. Warden, No. 17-15456-D). The undersigned denied the motion to appoint counsel because the district judge had already concluded that Mr. Amodeo was not entitled to a certificate of appealability (Doc. 297). Mr. Amodeo, through Mr. Rahn, has appealed that Order (Doc. 298).

Now, the pending motion is **DENIED without prejudice** because it is not signed by anyone with the legal authority to act on Mr. Amodeo's behalf.

**DONE** and **ORDERED** in Orlando, Florida on May 6, 2019.

*/s/ T.B.S.*
THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    Frank L. Amodeo