# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA

VS.   CASE NO. 6:08-cr-176-JA-LRH

FRANK L. AMODEO

## ORDER

Defendant Frank Amodeo's Motion for Compassionate Release (Doc. 344) and Supplemental Motion for Compassionate Release and Request for Evidentiary Hearing (Doc. 361) are before the Court for consideration. The Government filed a response in opposition, (Doc. 362), and Amodeo filed a reply, (Doc. 368). Because Amodeo has not shown that extraordinary and compelling reasons warrant a sentence reduction, the motions are due to be denied.

After Amodeo pleaded guilty to conspiracy to defraud a government agency, failure to collect and remit payroll taxes, and obstruction of an agency proceeding, this Court sentenced him to 270 months' imprisonment on May 26, 2009. (Js., Docs. 126 & 140). Having served roughly half of his sentence, Amodeo requested that the warden file a compassionate-release motion on his behalf. (Doc. 344 at 1 & 3). He also requested transfer to home confinement under the Coronavirus Aid, Relief, and Economic Security (CARES) Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2) (2020). (Id.).

But the warden did not respond, and after 30 days, Amodeo filed his own motion for compassionate release in this Court pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] (Id.). In the motion, he argued that his mental illness cannot be properly managed in the prison and that his mental illness combined with his physical health conditions make him particularly vulnerable to death or serious injury from the COVID-19 pandemic.[2] (Id. at 6). He contended that these issues constitute extraordinary and compelling reasons to grant him compassionate release under Application Notes 1(A) and 1(D)[3] of the applicable policy statement found in U.S.S.G. § 1B1.13.

Before the Government responded to the motion, the Warden released Amodeo to home confinement, (Doc. 361 at 1), allowing him to live with his mother in Orlando, Florida, (Doc. 344 at 19). Amodeo then filed his supplemental motion in this Court, still seeking to have his sentence reduced to time served. (Doc. 361 at 1). Evolving his arguments in response to his release to home confinement, Amodeo now argues that his physical ailments, combined with his mental condition, constitute extraordinary and compelling reasons to reduce his sentence to time served, regardless of COVID-19. (Id. at 8–9).

---

[1] It is undisputed that Amodeo exhausted his administrative remedies.
[2] Amodeo alleges that he has bipolar disorder, type I, with fixed delusional beliefs; diabetes mellitus type II; obesity; asthma; and hypertension.
[3] The Eleventh Circuit's recent holding in United States v. Bryant forecloses these and other arguments Amodeo makes under Application Note 1(D). No. 19-14267, at 4 (11th Cir. May 7, 2021) ("Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence.") The Court will, therefore, not consider the arguments.

Congress granted the courts limited authority to modify a sentence in 18 U.S.C. § 3582(c). As applicable in this case, § 3582(c)(1)(A) allows the Court to modify a sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling reasons are outlined in U.S.S.G. 1B1.13, the policy statement applicable to 18 U.S.C. § 3582. They are (A) medical conditions, (B) age, (C) family circumstances, and (D) other reasons as determined by the Director of the Bureau of Prisons (BOP). U.S.S.G. § 1B1.13 app. n.1(A)–(D). Medical conditions include "a serious physical or medical condition" or "a serious functional or cognitive impairment . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Id. § 1B1.13 app. n.1(A)(ii). A defendant bears the burden of proving his eligibility for a § 3582 sentence reduction. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013).

By placing Amodeo on home confinement, the BOP has removed the major risk about which Amodeo was concerned: COVID-19 in the prison environment. Amodeo's remaining argument is that he could obtain better medical care if he was not in BOP custody because he could more quickly access private doctors and medication, obtain medical insurance, and consult with his doctors outside of BOP control. But this is not equivalent to alleging that his conditions

3

"substantially diminish[ ] the ability of [Amodeo] to provide self-care within the environment of a correctional facility."[4] Amodeo has not presented any facts that, if shown to be true, would establish that he is eligible for relief. To the contrary, he claims that while incarcerated he "has taken education classes, interacted well with staff and other inmates, and worked steadily." (Doc. 344 at 18). A hearing would thus be unhelpful.

And even if Amodeo had shown that extraordinary and compelling reasons existed, this Court would deny his request for a sentence reduction based on the other sentencing factors. See U.S.S.G. § 1B1.13 (2) & app. n.4; 18 U.S.C. § 3553(a). The sentence imposed is necessary to protect the public, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter Amodeo from future crimes. Amodeo's Motion for Compassionate Release (Doc. 344) and Supplemental Motion for Compassionate Release and Request for Evidentiary Hearing (Doc. 361) are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on May 2 0, 2021.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
Counsel for Defendant
Frank L. Amodeo

---

[4] As the government maintains, Amodeo is arguably no longer in a "correctional facility." In response, and without citing legal authority, Amodeo contends that the Residential Reentry Management Orlando—the organization that manages his home confinement—constitutes a "correctional facility." The Court need not decide this issue because Amodeo's motion is due to be denied on other grounds.

4