UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                          Case No: 6:08-cr-176-JA-LHP

FRANK L. AMODEO,

    Defendant.
_____/

## ORDER

This cause is before the Court on Defendant's Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. 382). The Government filed a Response in Opposition to Defendant's Renewed Motion for Compassionate Release (Doc. 392).

Defendant requests that the Court grant him "compassionate release and reduce his sentence to time served and order his immediate release." (Doc. 382 at 24). He argues that his "medical conditions substantially diminish his ability to care for himself in prison" and that "his medical conditions place him at high risk from COVID-19." (*Id.* at 14-15).

Defendant previously filed a Motion for Compassionate Release (Doc. 344) and a Supplemental Motion for Compassionate Release (Doc. 361), which the

Court denied. (Doc. 369). On January 19, 2023, the Eleventh Circuit Court of Appeals affirmed the denial of Defendant's request for compassionate release, and, on June 9, 2023, the mandate was issued. (Doc. Nos. 411, 418).

On January 3, 2022, the Government filed a Status Report (Doc. 398), which indicated that Defendant could be released "within the next week." (*Id.* at 2). Defendant filed a Supplement to Government's Status Report (Doc. 399) indicating that he remains under BOP supervision and that his home confinement could be revoked at any time.

At the Status Conference held on January 20, 2022, it was revealed that Defendant had "been released to home confinement." (Doc. 409 at 5). The Court ruled that these proceedings would be stayed pending the Eleventh Circuit's decision. (*Id.* at 8). The parties were then directed to file a status report regarding Defendant's current custody status and a memorandum of law on whether the instant motion was now moot. (Doc. 412). The Government filed a Response to the Court's Order for A Status Report Related to Defendant (Doc. 414), and Defendant filed a Status Report (Doc. 415).

## II. ANALYSIS

Defendant indicates in his Status Report (Doc. 415) filed on March 15, 2023, that he "is on presently home confinement under the supervision of the

2

Residential Reentry Management Center in Orlando." (*Id.* at 1). The Government states that "Defendant will remain on conditions of release during the time period BOP believes appropriate." (Doc. 414 at 3). According to Defendant, he "has multiple serious medical conditions that cannot be adequately treated while [he] is incarcerated and that impair his ability to provide self-care while incarcerated." (Doc. 415 at 1-2). However, now that he "is back on home confinement, he has been able through diet, exercise, and maintaining a strict routine been able to better manage his health conditions and ameliorate the worst of their harmful effects." (*Id.* at 2). Defendant further argues that he is not a danger to the community and that he has maintained good behavior during his incarceration and home confinement. (Doc. 383 at 19-24).

### A.   Modification of An Imposed Term of Imprisonment

Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment if it finds "extraordinary and compelling reasons warrant such a reduction" after considering (1) if the reduction follows the Sentencing Commission's policy statements; (2) if the defendant is not a danger to the safety of any other person or to the community; and (3) the factors set forth in 18 U.S.C. § 3553(a).[1] U.S.S.G. § 1B1.13.

---

[1] Under 18 U.S.C. § 3582(c)(a)(A)(ii), a court may reduce a term of imprisonment if

3

The Court may do so by motion of the (1) Director of the Bureau of Prisons ("BOP"); or (2) "defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Here, the Defendant states that he has exhausted his administrative remedies, and the Government does not indicate otherwise. (Doc. 173 at 3).

Section 1.B1.13 of the Sentencing Guidelines offers a policy statement on reducing a sentence under § 3582(c)(1)(A). It lists four circumstances to be extraordinary and compelling: (1) the medical condition of the defendant; (2) the age of the defendant; (3) family circumstances; and (4) other reasons.

The medical condition consideration includes a determination of whether: (1) the defendant is suffering from a terminal illness; (2) the defendant is suffering from a serious physical or medical condition; (3) the defendant is suffering from a serious functional or cognitive impairment; or (4) the defendant is experiencing deteriorating physical or mental health because of the aging process. U.S.S.G. §

---

it finds that the defendant (1) is at least 70 years of age; (2) has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned; (3) the defendant is not a danger to the safety of others; (4) the reduction is consistent with Sentencing Commission's policy statements; and (5) the 18 U.S.C. § 3553(a) factors.

4

1B1.13, cmt. n.1 (A). A qualifying medical condition must be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1 (A)(ii).

**B.  Discussion**

Although Defendant states that he suffers from "several serious medical conditions," (Doc. 415 at 2), he has not shown that he suffers from a "terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)." *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). He provides no evidence that his conditions are terminal beyond his own vague assertions of the potential threat to his life.

Defendant also has not shown that his conditions, though undoubtedly serious, substantially diminish his ability to provide self-care within the environment of his home confinement. His allegations do not demonstrate that his conditions are debilitating to the extent that he cannot care for himself. He also does not show that his medical conditions are ones from which recovery is unlikely. Therefore, Defendant does not qualify for compassionate release based on his medical conditions.

Further, the age of the defendant factor requires that the defendant is at least 65 years old and has served at least 10 years or 75% of his or her term of

5

imprisonment, whichever is less. U.S.S.G. § 1B1.13, cmt. n.1 (B). Defendant is not 65 years old. (Doc. 382 at 17). Releasing Defendant now would not reflect the seriousness of his crime, promote respect for the law, and afford adequate deterrence to criminal conduct.

Next, Defendant has not demonstrated family circumstances or other reasons warranting a reduction of his sentence.

Finally, Defendant has failed to demonstrate that the applicable § 3553(a) factors weigh in favor of a sentence modification. The sentence imposed is necessary to protect the public, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to deter Defendant from future crimes.

Accordingly, it is **ORDERED** and **ADJUDGED** that Defendant's Renewed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. 382) is **DENIED**.

DONE and ORDERED in Orlando, Florida on July 14, 2023.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record